IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN C. BOMAR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-0507 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This employment discrimination action arises out of a Complaint brought by Melvin C. Bomar ("Bomar" or "Plaintiff"), proceeding *pro se*, against the Mayor and City Council of Baltimore, Labor Commissioner Deborah Moore-Carter, Margaret B. Martin, Khalil Zaied and Reginia Grande-Brown of the Department of General Services as well as Doctors Keith Lee and Amy Espy-Smith, and Lisa Conic of the Mercy Medical Clinic (collectively "Defendants"). The Plaintiff alleges that he was the victim of race, color, and disability discrimination as well as retaliation. The Complaint contains a convoluted recitation of facts concerning the events that followed a December 21, 2009 injury sustained by Plaintiff within the scope of his employment. Plaintiff does not refer to any particular statute or law in his Complaint; nor does Plaintiff identify his racial background or his alleged disability.

Pending before this Court are Defendants' Motions to Dismiss for lack of jurisdiction and for failure to state a claim (ECF Nos. 6 & 8) filed on March 31, 2011. Also pending before this Court is Plaintiff's Motion for Injunctive Relief (ECF No. 14), filed on June 20, 2011, which

1

Plaintiff slightly amended in his June 22, 2011 resubmission of that motion (ECF No. 15). Additionally, on June 6, 2011 Amy Beth Leasure, counsel for Defendants, filed a Motion to Withdraw Appearance (ECF No. 13). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motions to Dismiss for lack of jurisdiction and for failure to state a claim (ECF Nos. 6 & 8) are GRANTED. Plaintiff's Motion for Injunctive Relief (ECF Nos. 14 & 15) is DENIED. And Counsel's Motion to Withdraw Appearance (ECF No. 13) is GRANTED.

## BACKGROUND

Plaintiff filed his Complaint in this Court on February 25, 2011. Compl. at 1, ECF No. 1. The Complaint contains Bomar's factual allegations against Defendants. Compl. at 2-4. As the action is currently before this Court on Defendants' Motions to Dismiss, the Court will "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In addition, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

According to Plaintiff, he sustained an injury while working on the morning of December 21, 2009. Compl. at 2. However, the Plaintiff does not state the name of the employer for whom he was working at the time of his injury. Bomar simply alleges that he slipped and fell on a steel plate at 1600 N. Payson Street in Baltimore, and that as a result, he injured his elbow, buttocks, and lower back. *Id.*

Next, Plaintiff recounts his visits to Mercy Medical Clinic ("Mercy") for medical evaluations to determine whether he was entitled to sick leave. *Id.* Bomar claims that Dr. Amy

Espy-Smith, a doctor at Mercy, evaluated him and placed him on sick leave from December 21, 2009 until December 23, 2009. *Id.* Dr. Espy-Smith also placed Bomar on restricted duty from December 24, 2009 until December 27, 2009. *Id.* Plaintiff then alleges that he had a follow-up appointment with Dr. Keith Lee, another doctor at Mercy. *Id.* According to Bomar, after the appointment, Plaintiff returned to work and gave Margaret Martin, the Department of General Services Division Chief, his discharge instructions and submitted a sick leave request for January 4, 2010 through January 8, 2010. *Id.* Martin allegedly denied Plaintiff's request whereupon Bomar called the Personnel Department and spoke with Personnel Director Regina Grande-Brown and the personnel administrator. *Id.* Plaintiff claims that upon asking Grande-Brown the reasons for the denial of his request, she responded that it was denied because he did not have a doctor's slip stating that he needed time off from work. *Id.* According to Bomar, he thereafter complied by having an appointment with his Workers' Compensation doctor, Dr. Jeffrey Gaber, who allegedly recommended that Plaintiff be excused from work from December 30, 2009 through January 12, 2010. *Id.* However, Bomar claims that when he gave Martin Dr. Gaber's medical certification, excusing him from work from December 30, 2009 until January 12, 2010, Martin again denied him sick leave. *Id.* at 3. It appears that Plaintiff instituted a Grievance procedure as a result of this denial.

Bomar then alleges that on January 22, 2010, he received a five-day suspension for workplace violence. *Id.* It appears that Plaintiff may have also instituted a Grievance procedure as a result of his suspension. Moreover, Plaintiff alleges that James Anthony, a Labor Relations Specialist, sent a letter to the Labor Commissioner, Deborah Moore-Carter, informing her that an unfair labor practice charge would be filed on Bomar's behalf. *Id.* According to Bomar, the Labor Commissioner ultimately changed the charge against Plaintiff from "workplace violence"

to "conduct unbecoming" and paid Plaintiff for the five days of work from which his employer initially had suspended him. *Id.* at 3-4.

It is unclear from the Complaint whether there were two separate Grievance procedures or only one Grievance procedure. Regardless, Plaintiff claims that the manner in which the Grievance procedure was conducted created a hostile work environment, which he claims was retaliation against him for his "taking a stand against Dr. [Espy-] Smith for improperly treating the Plaintiff's job-related injury." *Id.*

In sum, Plaintiff asserts a claim of racial discrimination against the doctors who evaluated him at Mercy, Dr. Espy-Smith and Dr. Lee, as well as a Mercy Medical administrator, Lisa Conic, for "knowingly disregarding [his] previous spinal injury and high-blood pressure." *Id.* at 4. In addition, Bomar asserts racial discrimination charges against Grande-Brown and Moore-Carter for refusing him sick leave when they allegedly had previously approved sick leave and overtime for a white male employee during his time in prison. *Id.* The Plaintiff also asserts racial discrimination and retaliation charges against Martin and Department of General Services Director Khalil Zaied for their denial of his sick leave requests, and their alleged approval of leave time for a white male in his department. *Id.* Lastly, Plaintiff does not assert a claim of disability discrimination against a specific defendant.

Bomar filed this Complaint on February 25, 2011. Defendants moved to dismiss for lack of jurisdiction and for failure to state a claim. Mem. in Supp. of Defs.' Mot. to Dismiss and Mem. in Supp. of Mot. to Dismiss, ECF Nos. 6-1 and 8-1. Doctors Keith Lee and Amy Espy-Smith, as well as Lisa Conic (collectively "Mercy Defendants") moved to dismiss Bomar's Complaint with prejudice, asserting that Mercy Defendants cannot be held liable for employment discrimination. Mem. in Supp. of Mot. to Dismiss at 3. Thereafter, Plaintiff filed what seems to

be his Response in Opposition to the Motions to Dismiss on April 14, 2011 (ECF No. 12). On June 6, 2011, Amy Beth Leasure moved to withdraw as attorney for Defendants and for Cheryl Simpson Parker to be recognized as Defendants' sole counsel. Counsel's Mot. to Withdraw Appearance, ECF No. 13. Plaintiff then filed a Motion for Injunctive Relief and a Supplemental Motion for Preliminary Injunction. Mot. for Injunctive Relief, ECF No. 14; Supp. Mot., ECF No. 15.

## STANDARDS OF REVIEW

Defendants seek to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants claim that this Court lacks subject matter jurisdiction over this case. Motions to dismiss for lack of subject matter jurisdiction are decided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.,* 366 F. Supp. 2d 289, 294 (D. Md. 2005). The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva,* 366 F. Supp. 2d at 294 (quoting *Richmond,* 945 F.2d at 768).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim,

or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). The plausibility standard

requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

### I.     Subject Matter Jurisdiction

Generally, when considering a Rule 12(b)(1) motion to dismiss based upon lack of subject matter jurisdiction, courts should accept the plaintiff's well-pleaded allegations as true and construe the complaint in favor of the plaintiff. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982). However, where, as here, the challenge is to the factual basis of subject matter jurisdiction, courts "regard the pleadings' allegations as mere evidence on the issue." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff bears the burden of proving subject matter jurisdiction. *Id.* (citing *Adams,* 697 F.2d at 1219; *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1559 (9th Cir. 1987)). Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction."  When considering a factual challenge to the court's subject matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. . . ." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* Furthermore, "[u]nlike the procedure in a Rule 12(b)(6) motion where

there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a Rule 12(b)(1) [motion] weighs the evidence to determine its jurisdiction." *Adams,* 697 F.2d at 1219.

In this case, Defendants have moved *inter alia* to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While there is some authority for the proposition that the nature of Defendants' challenge is based upon the merits, the United States Court of Appeals for the Fourth Circuit has held that the determination as to whether a defendant is an "employer" under Title VII is properly considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Woodard v. Virginia Bd. of Bar Examiners,* 598 F.2d 1345 (4th Cir. 1979). Thus, the Court must weigh the evidence and make a determination as to the Court's subject matter jurisdiction over this matter. *See Oram v. Dalton,* 927 F. Supp. 180, 184 (E.D. Va. 1996).

Plaintiff's Complaint fails to assert a basis for federal question jurisdiction. Bomar does not cite any statute as the grounds upon which he is filing his Complaint. Rather, Plaintiff states that he is bringing a "racial discrimination, disability discrimination, and workplace retaliation lawsuit" against the Defendants. However, this Court assumes for the purpose of this Memorandum Opinion that Plaintiff intends to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101.

Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C.S. § 2000e-3(a) (emphasis added). Plaintiff's allegations and charge of racial discrimination against Mercy Defendants do not establish jurisdiction because neither Mercy nor

the Mercy Defendants are alleged to be Plaintiff's employer.  Thus, Plaintiff's factual assertions against Mercy Defendants, if proved, would not demonstrate that this Court has jurisdiction under Title VII.  Therefore, Defendants Keith Lee, Amy Espy-Smith and Lisa Conic's Motion to Dismiss (ECF No. 8) is GRANTED.  Moreover, Plaintiff's claims against these individual Defendants are hereby DISMISSED WITH PREJUDICE.

## II. Remaining Defendants' 12(b)(6) Motion

Pursuant to Federal Rule of Civil Procedure 8(a), a party seeking relief must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Moreover, the averments of a complaint must be "simple, concise, and direct."  *Id.* at 8(e)(1).  Dismissal is appropriate where the complaint is "so confused, ambiguous, vague or otherwise so unintelligible that its true substance, if any, is well disguised."  *Blackstone v. I.R.S.,* No. 98-2648, 1998 WL 796738, *1 (D. Md. Sept. 30, 1998) (dismissing plaintiffs' complaint which consisted of "a confusing amalgam of quotations taken from various cases, statutes, and regulations, which the court construes as a complaint") (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a *prima facie* case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  To require otherwise would essentially create a "heightened pleading standard" under which a plaintiff without direct evidence of discrimination would need to plead a *prima facie* case even though she might uncover direct evidence during discovery.  *Id.* at 511-12.  This would create the "incongruous" result of requiring a plaintiff "to plead more facts than [s]he may ultimately need to prove to succeed on

the merits if direct evidence of discrimination is discovered." *Id.* Furthermore, before discovery "it may be difficult to define the precise formulation of the required *prima facie* case in a particular case." *Id.* at 512; *see also Twombly*, 550 U.S. at 569-570 (explaining that *Swierkiewcz* is consistent with more recent case law).[1]

### A. Plaintiff's Claims Under Title VII

To establish a *prima facie* case of race, color, or gender discrimination under Title VII, the Plaintiff must show that: "(1) he is a member of a protected group; (2) he earned satisfactory performance marks; (3) he suffered an adverse employment action; and (4) other similarly situated employees outside his protected class were treated more favorably." *Prince-Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F. Supp. 2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)). Construing the complaint liberally, *see De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), Plaintiff does not satisfy the aforementioned elements.

Plaintiff's Complaint alleges claims against Defendants Moore-Carter, Martin, Zaied, and Grande-Brown. While the relationships between a few of these individuals and Plaintiff remain unclear, these individuals appear to be his supervisors. It is well-established, however, that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). In *Lissau*, the Fourth Circuit held that only an employer may be held liable for Title VII violations, and that individual liability under the Act "would improperly expand the remedial scheme crafted by Congress." *Id.* Consequently, Plaintiff's Title VII claims against Moore-Carter, Martin, Zaied, and Grande-

---

[1] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), the analysis cited here remains good law. *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination.'") (citations omitted).

Brown fail as a matter of law.  For this reason, Plaintiff's claims against Moore-Carter, Martin, Zaied, and Grande-Brown are hereby DISMISSED WITH PREJUDICE.

Regarding Plaintiff's Title VII claims against the Mayor and City Council of Baltimore, Bomar does not allege that he is a member of a protected group.  Bomar does not identify his racial background; rather, he identifies the race or color and gender of various persons in his Complaint.  Plaintiff also does not allege that he earned satisfactory performance marks.  Moreover, he admits to receiving a charge of "workplace violence" from his employer, which was later changed to "conduct unbecoming."  The adverse employment action Plaintiff allegedly suffered appears to be the denial of his request for sick leave.  However, Plaintiff's claim that his employer approved the sick leave requests of two Caucasian male employees is insufficient because Plaintiff does not allege facts to show that these Caucasian males were similarly situated.  Nor does Plaintiff allege how his race or color played any role in the denial of his request for sick leave.  Thus, because Plaintiff's Complaint does not allege the necessary *prima facie* elements of a Title VII discrimination claim, Plaintiff's Title VII discrimination claims against the Mayor and City Council of Baltimore are DISMISSED WITHOUT PREJUDICE.

B.    Plaintiff's Claims Under the Americans With Disabilities Act

The ADA prohibits discrimination against a "qualified individual with a disability because of the disability of the individual." 42 U.S.C. §12112(a).  To proceed on a claim under the ADA, the plaintiff must make a *prima facie* case that he comes within the ADA's protected class, by showing he is disabled within the meaning of the ADA.  *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 467 (4th Cir. 2002).  The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment."

42 U.S.C. §12102(1). "The determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case." *E.E.O.C. v. Sara Lee Corp.*, 237 F.3d 349, 352 (2nd Cir. 2001) (citations omitted).

Plaintiff does not expressly assert a violation of the ADA. In addition, Bomar does not allege facts to show that he is disabled within the meaning of the ADA. Moreover, Plaintiff's statement that he is bringing a "disability discrimination" claim against Defendants does not suffice to make a *prima facie* case that he is within the ADA's protected class. Therefore, Plaintiff's ADA claims are hereby DISMISSED WITH PREJUDICE.

As a result, Defendants the Mayor and City Council of Baltimore, Deborah Moore-Carter, Margaret B. Martin, Khalil Zaied, and Regina Grande-Brown's Motion to Dismiss (ECF No. 6) is GRANTED.

CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 6 & 8) are GRANTED.  Plaintiff's Motion for Injunction (ECF Nos. 14 & 15) is DENIED.  Counsel's Motion to Withdraw Appearance (ECF No. 13) is GRANTED.  Plaintiff's Complaint with respect to Defendants Deborah Moore-Carter, Margaret B. Martin, Khalil Zaied, Regina Grande-Brown, Doctors Keith Lee and Amy Espy-Smith, and Lisa Conic is DISMISSED WITH PREJUDICE.  Plaintiff's Complaint alleging claims under the Americans with Disabilities Act is DIMISSED WITH PREJUDICE.  Plaintiff's Complaint alleging violations of Title VII of the Civil Rights Act of 1964 against Defendants the Mayor and City Council of Baltimore is DISMISSED WITHOUT PREJUDICE.

     A separate Order follows.

Dated:  October 27, 2011                               /s/_____
                                                           Richard D. Bennett
                                                           United States District Judge